UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAUL MURRAY,

    Plaintiff,

v.                                                                            CASE NO.:

PRONTO INSTALLATIONS, INC.,
a Florida Profit Corporation, and
CHRISTOPHER IRVIN, individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, PAUL MURRAY ("Plaintiff"), hereby sues the Defendants, PRONTO INSTALLATIONS, INC. ("PRONTO") and CHRISTOPHER IRVIN ("IRVIN") (collectively "Defendants") and alleges as follows:

## JURISDICTION, VENUE AND PARTIES

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

2. Venue is proper in this Court because all facts material to all claims set forth herein occurred in Hernando County, Florida.

3. At all times material, Plaintiff is and was a resident of Pasco County, Florida.

4. At all times material, Defendant PRONTO was/is a Florida Profit Corporation authorized to conduct business in the State of Florida, with its principal place of business at 12308 Drake Lane, Spring Hill, FL 34609.

5. At all times material, Defendant IRVIN is and was a resident of Hernando County.

## **GENERAL ALLEGATIONS**

6. Defendant PRONTO is a company that provides appliance installation services throughout West Florida for residential and commercial customers.

7. Defendant IRVIN is the President and owner of PRONTO. In that position, IRVIN exercises significant control over the company's operations, has the power to hire and fire employees, the power to determine salaries, the responsibility to maintain employment records and has operational control over significant aspects of the company's day-to-day functions.

8. This action is brought under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b), *et seq.* ("FLSA"), to recover unpaid overtime compensation owed to Plaintiff.

9. Defendants are employers as defined by the FLSA.

10. At all material times, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s) and during all relevant times had at least two employees and had an annual dollar volume of sales or business done of at least $500,000.

11. Plaintiff was engaged in interstate commerce during his employment with Defendants.

12. Plaintiff was employed by Defendants during the relevant time period as an installation technician. As an installation technician, Plaintiff regularly utilized the internet, telephone and interstate wires to engage in interstate communications with customers, particularly out-of-state landlords.

13. As an installation technician, Plaintiff regularly handled and worked on

goods and materials that have been moved in or produced for interstate commerce.

14. Plaintiff was an employee of Defendants under the FLSA.

15. Plaintiff was employed by Defendants from January 2017 through February 18, 2020. Plaintiff was entitled to overtime compensation for all hours worked over 40 in every workweek.

16. Defendants failed to comply with the FLSA because Plaintiff was regularly required to work in excess of forty (40) hours a workweek but was not paid overtime compensation as required by the FLSA. In addition, Defendants took improper deductions from Plaintiff's pay, including damages.

17. Defendant IRVIN is subject to individual liability under the FLSA because he acted directly or indirectly in the interest of the employer in relation to Plaintiff, exercised significant control over the company's operations, has the power to hire and fire employees, the power to determine salaries, the responsibility to maintain employment records and has operational control over significant aspects of the company's day-to-day functions.

18. Defendants' violations of the FLSA were knowing, willful and in reckless disregard of the rights of Plaintiff and all other similarly situated. Defendants did not have reasonable grounds for believing that their acts were not a violation of the FLSA.

19. Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

## COUNT I
## OVERTIME – FLSA (BOTH DEFENDANTS)

20. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 19 as if fully restated herein.

21. During the three (3) year period prior to filing this action, Defendants failed to pay Plaintiff overtime compensation for hours worked over forty (40) in a workweek.

22. Defendants' failure to pay Plaintiff overtime compensation for hours worked over forty (40) in any workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

23. Defendants' violations of the FLSA were knowing, willful and in reckless disregard of the rights of Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests that this Court issue an Order awarding damages in the amount of the unpaid overtime compensation owed, awarding liquidated damages pursuant to 29 U.S.C. § 216(b), awarding reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), awarding injunctive relief requiring Defendants to comply with the FLSA, and awarding all such other relief as the Court deems just and appropriate.

## COUNT II
### RETALIATION – FLSA (BOTH DEFENDANTS)

24. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 19 as if fully restated herein.

25. Section 15(a)(3) of the FLSA states that it is a violation for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding…."

26. Plaintiff complained to management about Defendants' unlawful pay practices which were violative of the FLSA.

27. To wit, on or about February 18, 2020, Plaintiff complained to Defendant IRVIN about his long working hours and the Defendants' failure to pay him overtime.

4

28. By complaining to management about Defendants' unlawful pay practices which were violative of the FLSA, Plaintiff engaged in an activity protected by the FLSA.

29. In response to Plaintiff's statutorily protected activity, Defendants told him he was "an at-will employee" and retaliated against him by immediately terminating his employment.

30. By being discharged, Plaintiff suffered an adverse action by Defendants immediately subsequent to, and because of, his protected activity.

31. Plaintiff's termination was directly caused by, and was a result of, his protected activity.

32. By discharging Plaintiff because of his statutorily protected activity, Defendants engaged in unlawful retaliation in violation of 29 U.S.C. § 215(a).

33. Plaintiff has suffered damages including lost wages, lost benefits, emotional distress, anguish, interest and attorney's fees and costs.

**WHEREFORE**, Plaintiff demands judgment against Defendants and relief in the form of: (i) Economic damages, including lost wages, benefits, and other remuneration; (ii) Reinstatement of full fringe benefits; (iii) Front and back pay; (iv) Liquidated damages; (v) Any other compensatory damages allowable under the law, including emotional distress damages; (vi) Attorneys' fees and costs pursuant to the FLSA; (vii) Prejudgment and post-judgment interest; and (viii) Any other relief the Court deems appropriate.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

**DATED** this 8th day of April, 2020.

Respectfully submitted,

/s/ Jay P. Lechner
**LECHNER LAW**
Jay P. Lechner, Esq.
Florida Bar No.: 0504351
Jay P. Lechner, P.A.
Fifth Third Center
201 E. Kennedy Blvd., Suite 412
Tampa, Florida 33602
Telephone: (813) 842-7071
jplechn@jaylechner.com
shelley@jaylechner.com
*Attorneys for Plaintiff*